UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEFFREY E. WILLIAMS, #184646                                      PETITIONER

VS.                                                 CIVIL ACTION NO. 1:16-CV-242-HSO-FKB

MARSHALL FISHER                                               RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition of Jeffrey E. Williams for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. At the outset, the Court notes that its review of Williams's conviction is circumscribed. In other words, federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Instead, "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)). Guided by these fundamental principles, the Court has considered Williams's petition, the Respondent's answer, and all related filings. For the reasons that follow, the undersigned concludes that the petition is not well-taken and should be dismissed without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

Williams is currently in the custody of the Mississippi Department of Corrections ("MDOC") after he pleaded guilty to one (1) count of touching a child for lustful purposes and one (1) count of exploitation of a child in the Circuit Court of Harrison County, Mississippi. [10-1]. On June 24, 2013, the circuit court sentenced Williams to fifteen (15) years on the first charge and forty (40) years on the second charge, with the sentences to run consecutively with

˜1˜

one another, for a total of fifty-five (55) years to serve in the custody of the Mississippi Department of Corrections. *Id.* Because there is no direct appeal from a guilty plea under Mississippi statutory law, Williams's judgment became final on June 24, 2013, the date he was sentenced on his guilty plea. *See* Miss. Code Ann. § 99-35-101; *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

Williams filed a *pro se* Motion for Post-Conviction Collateral Relief ("First PCR") in the Circuit Court of Harrison County on October 4, 2013. [18-1] at 9. In his First PCR, Williams asserted the following grounds for relief:

1. Ineffective assistance of counsel;
2. Defective indictment;
3. Cruel and unusual punishment based on sentence length; and
4. Bias of the sentencing judge.

*Id.* at 10. On December 17, 2013, the circuit court denied the motion. *Id.* at 132-140. After the circuit court granted his out of time appeal, [18-2] at 17-19, Williams filed a motion to voluntarily dismiss the appeal. [18-4] at 6. On December 9, 2014, the Mississippi Supreme Court granted his motion and dismissed the appeal of his First PCR. *Id.* at 5.

On February 25, 2015, Williams filed a second *pro se* Motion for Post-Conviction Relief ("Second PCR") in the Circuit Court of Harrison County. [18-7] at 19. In his Second PCR, Williams asserted the following grounds for relief:

1. Ineffective assistance of counsel;
2. Defective indictment;
3. State prosecution of improper indictment;

4. Court failed to hold a competency hearing;

5. No factual basis to accept guilty plea;

6. Grand jury failed to correct the indictment;

7. Court erred when it allowed the State to bring out prior bad acts;

8. Court allowed a faulty indictment;

9. Guilty plea was not freely, knowingly, or intelligently given;

10. Police made an illegal search and seizure; and

11. Cumulative errors.

*Id.* at 20-21. On May 13, 2015, the circuit court entered an order denying the Second PCR. *Id.* at 68-91. Williams appealed the decision to the Mississippi Supreme Court, and on April 21, 2016, the Mississippi Supreme Court dismissed the appeal when Petitioner failed to file his brief. [18-6] at 8.

Williams signed his petition for habeas corpus relief on June 22, 2016, and it was filed in this Court on June 30, 2016. [1], [6]. In his petition, Williams argues that he is entitled to relief on the following grounds:

1. Ineffective assistance of counsel;

2. Defective indictments;

3. Cruel and unusual punishment;

4. Prejudiced sentencing judge;

5. Lack of competency hearing;

6. No factual basis for plea;

7. Failure to correct indictments;

        8.       State was allowed to bring out prior bad acts;

        9.       Illegal search and seizure;

        10.     Guilty plea was not freely, knowingly, and intelligently made.

[1] at 5-26; [6] at 2.

The State has filed a response, along with the record, and now this matter is before the Court.

## II. DISCUSSION

The State argues that Williams has failed to present his claims to the State's highest court in a procedurally proper manner, therefore the claims are not properly before this Court. Petitioner has not responded to this argument.

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") states that exhaustion of a claim in state court is required for a federal court to consider the claim. 28 U.S.C. § 2254(b)(1)(A).[1]  To satisfy this requirement, Williams must have presented his claims to the

---

[1]Section 2254 provides, in relevant part, that:

>    (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>    (B)    (i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>    (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the

highest Mississippi state court in a procedurally proper manner so that the state courts were given "one full" and "fair opportunity" "to resolve any constitutional issues" before raising those issues for habeas review in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The federal habeas scheme leaves primary responsibility with the state courts." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (internal citation and quotation marks omitted).

In this instance, Williams failed to exhaust the claims presented in his grounds one to four when he voluntarily dismissed his First PCR. [18-4] at 5. Likewise, he failed to exhaust his claims in grounds five to ten when he failed to file his appellant brief before the Mississippi Supreme Court, and his Second PCR was subsequently dismissed by the court on that basis. [18-6] at 8.

Based on the record before the Court, the undersigned concludes that Petitioner has never given the state's highest court the opportunity to consider the substance of his claims and, therefore, he has not exhausted his state court remedies. It is well-settled that applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387. Petitioner has not met this requirement, therefore he has not exhausted his state court remedies. Accordingly,

---

courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c)(1996).

this petition should be dismissed without prejudice because the Petitioner has failed to exhaust his state court remedies.

### III.  CONCLUSION

For these reasons, Williams's petition should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 24th day of October, 2017.

      /s/  F. Keith Ball
UNITED STATES MAGISTRATE JUDGE