# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEFFERY E. WILLIAMS, #184646** | § | **PETITIONER** |
| | § | |
| v. | § | Civil No. 1:16cv242-HSO-FKB |
| | § | |
| **MARSHALL FISHER** | § | **RESPONDENT** |

## ORDER ADOPTING MAGISTRATE JUDGE'S [19] REPORT AND RECOMMENDATION, AND DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST

This matter comes before the Court on the Report and Recommendation [19] of United States Magistrate Judge F. Keith Ball, entered in this case on October 24, 2017. The Magistrate Judge recommended that Petitioner Jeffery E. Williams' Petition for Writ of Habeas Corpus be dismissed without prejudice for Petitioner's failure to exhaust his state court remedies. R. & R. [19] at 6. After due consideration of the Report and Recommendation [19], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [19] should be adopted, and that Petitioner's Petition for Writ of Habeas Corpus should be dismissed without prejudice for failure to exhaust state remedies.

## I. BACKGROUND

A. <u>Factual Background</u>

On or about May 31, 2013, Petitioner Jeffery E. Williams ("Petitioner")

pleaded guilty in the Circuit Court of Harrison County, Mississippi, Second Judicial District (the "Circuit Court"), to two charges contained in a multi-count Indictment, specifically (1) touching a child for lustful purposes in violation of Mississippi Code § 97-5-23(1), and (2) exploitation of a child in violation of Mississippi Code § 97-5-33(5). R. [18-1] at 46-53. Petitioner was sentenced to 15-year and 40-year terms of imprisonment on the two charges, to run consecutively, for a total of 55 years to serve in the custody of the Mississippi Department of Corrections ("MDOC"). *Id.* at 55-56. Petitioner did not file a direct appeal.

On October 4, 2013, Petitioner filed a *pro se* Motion for Post-Conviction Collateral Relief in the Circuit Court, raising the following claims: (1) ineffective assistance of counsel; (2) defective indictment; (3) cruel and unusual punishment; and (4) "unusual circumstances," relating to alleged judicial prejudice or bias. *Id.* at 9-10. The Circuit Court denied the Motion on December 27, 2013. *Id.* at 132-140. The Circuit Court subsequently granted Petitioner's request to file an out-of-time appeal, R. [18-2] at 17-19, and Petitioner appealed, R. [18-1] at 141. On November 21, 2014, Petitioner filed a Motion to Voluntarily Dismiss his appeal, R. [18-4] at 6-7, which the Mississippi Supreme Court granted on December 9, 2014, *id.* at 5.

On February 25, 2015, Petitioner filed a second *pro se* Motion for Post-Conviction Collateral Relief in the Circuit Court, stating the following claims: (1) ineffective assistance of counsel; (2) defective indictment; (3) prosecution on improper indictment; (4) failure to hold competency hearing; (5) lack of factual basis for guilty plea; (6) failure to have grand jury correct indictment; (7) allowing

2

prosecution to bring out prior bad acts; (8) conviction under purportedly faulty indictment; (9) guilty plea was not entered into freely, knowingly, or intelligently; (10) illegal search and seizure by police; and (11) cumulative errors. R. [18-7] at 20-21. The Circuit Court denied the second Motion on May 13, 2015. *Id.* at 68-91. Petitioner again appealed, R. [18-8] at 56, and on April 21, 2016, the appeal was dismissed for Petitioner's failure to file an appellant brief, R. [18-6] at 8.

B. <u>Procedural History</u>

On June 22, 2016, Petitioner signed a Petition [1] under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Pet. [1] at 1-32. The Petition was filed in this Court on June 30, 2016, and asserts the following grounds for relief: (1) ineffective assistance of counsel; (2) defective indictment(s); (3) cruel and unusual punishment; (4) alleged prejudice by sentencing judge; (5) lack of competency hearing; (6) no factual basis for plea; (7) failure to correct indictment(s); (8) allowing prosecution to bring out prior bad acts; (9) illegal search and seizure; and (10) guilty plea was not freely, knowingly, and intelligently made. *Id.* at 6-26; *see also* Pet. [6] at 2 (page 6 of Petition which was not included with original filing). On October 3, 2016, Respondent Marshall Fisher ("Respondent") filed an Answer [10], arguing that Petitioner's claims had not been presented to the State of Mississippi's highest court in a procedurally proper manner, such that Petitioner had failed to exhaust his state court remedies. Ans. [10] at 5.

On October 24, 2017, the Magistrate Judge entered a Report and Recommendation [19] that the Petition be dismissed without prejudice for failure to

exhaust state remedies. A copy of the Report and Recommendation [19] was mailed to Petitioner at his address of record on October 24, 2017. Petitioner has not filed any objections to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.*; *see also, e.g., Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008) ("The exhaustion of state remedies, codified in § 2254(b)(1), requires a petitioner to provide the highest court of the state a fair opportunity to apply the controlling federal constitutional principles to the same factual allegations before a federal court may review any alleged errors."). Dismissal without prejudice for failure to exhaust is warranted.

## III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation

4

[19] as the opinion of this Court and will dismiss the Petition for Writ of Habeas Corpus without prejudice for failure to exhaust state remedies.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [19] of United States Magistrate Judge F. Keith Ball, entered in this case on October 24, 2017, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Jeffery E. Williams' Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

**SO ORDERED AND ADJUDGED**, this the 22nd day of November, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE